UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CV-412-F

NARENDRA MAVILLA; and )
PADMAVATHI MAVILLA, )
          Plaintiffs, )
)
v. ) <u>O R D E R</u>
)
ABSOLUTE COLLECTION SERVICE, )
INC.; and WAKEMED FACULTY )
PHYSICIANS, )
          Defendants. )

This matter is before the court on the plaintiffs' failure to respond to this court's Notice [DE-6] of December 14, 2010; and on the plaintiffs' Motion for Default Judgment [DE-11]. Both matters are ripe for disposition.

On October 4, 2010, the plaintiffs filed an unverified Complaint against the defendants seeking a declaratory judgment, actual, punitive and statutory damages, attorney's fees and costs for alleged violations of several federal and state consumer credit laws. On December 14, 2010, the Clerk of Court gave Notice to the plaintiffs of their failure to demonstrate service on "all named defendants" within 120 days as required by Rule 4(m), Federal Rules of Civil Procedure. *See* [DE-6].[1] The Clerk's Notice directed plaintiffs' counsel to show cause within 14 days why service had not been made, and cautioned that "[f]ailure to respond to this notice within the time allotted will result in dismissal of the defendant(s) without prejudice."

On that same date, plaintiffs' counsel filed his Affidavit of Service of Summons and Complaint [DE-7] on defendant Absolute Collection Service, Inc. (Hereinafter "ACS"). The court finds that such Affidavit supplies good cause not to dismiss this action (Counts I, III, IV

---

[1] That Notice inadvertently names Padmavathi Mavilla as a defendant. The court acknowledges that Padmavathi Mavilla is a plaintiff.

and V) as against ACS. The plaintiffs thereafter filed a Notice [DE-16] of voluntary dismissal without prejudice as to defendant WakeMed, which was named as the sole defendant in Count II.

The Clerk filed an Entry of Default [DE-9] against ACS on December 21, 2010, pursuant to the plaintiffs' motion [DE-8], filed December 15, 2010. The plaintiffs now seek a hearing before this court in order to establish damages, attorney's fees and costs as against ACS, under one or more of their claims alleging violations of federal and state consumer credit law.

Rule 55 of the Federal Rules of Civil Procedure governs default judgment. The Rule provides "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). After the Clerk enters default, the Clerk or the Court may enter default judgment. The Clerk enters default judgment "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation. . . . " FED. R. CIV. P. 55(b)(1). In all other cases, the Court enters default judgment. FED. R. CIV. P. 55(b)(2). The party requesting default judgment must show: "(1) when and against what party the default was entered; (2) identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person; (4) that the defendant is not in military services; and (5) that notice has been served on the defaulting party, if required by FED. R. CIV. P. 55(b)(2)." *JTH Tax, Inc. v. Smith*, No. 2:06-CV-76, 2006 WL 1982762, at *1 (E.D. Va. June 23, 2006). The Court can "conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." *Id.*

Although service of process on ACS has been demonstrated by affidavit [DE-7] neither the Complaint nor any of plaintiffs' exhibits supporting their Motion for Default Judgment [DE-

10, -11, -12] are sworn or otherwise authenticated. Before the court determines whether or not a hearing is necessary in this case, counsel for the plaintiffs is DIRECTED to file with this court:

1) Affidavit(s) attesting to the facts he contends support his claims for relief;

2) Documentation which he asserts is competent proof of such facts;

3) Counsel's itemized affidavit detailing his requested hourly rate, hours (expressed in tenths) expended, and costs and expenses incurred in prosecuting this action, together with specific citation to the statutory bases for each sum sought;

4) A detailed break-down of the damages to which the plaintiffs contend they are entitled as to each claim alleged against ACS, and the statutory grounds for each type and amount of damages claimed. That is, they shall state as to each cause of action against ACS whether they seek an award of actual or statutory damages, or both, and the amount thereof. Each claim for damages must be accompanied by competent documentary evidence.

Plaintiffs' counsel shall file such affidavit(s) and documentation on or before **February 8, 2011**. *Plaintiffs are cautioned that their failure to do so may result in the denial of their Motion for Default Judgment.* In the interim, that motion [DE-10] is HELD IN ABEYANCE. [2] The Clerk of Court is DIRECTED to re-submit this matter to the undersigned on **February 11, 2011**, for ruling on the Motion for Default Judgment.

SO ORDERED.

This, the 18th day of January, 2011.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

---

[2] As plaintiffs have dismissed WakeMed from this lawsuit, the only claims remaining are Counts I, III, IV and V as to ACS only.

3