IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CV-412-F

| | |
|---|---|
| NARENDRA MAVILLA and PADMAVATHI MAVILLA, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>ABSOLUTE COLLECTION SERVICE, INC., )<br>)<br>Defendant. ) | **ORDER ON BILL OF COSTS** |

This matter is before the undersigned on the bill of costs [D.E. 92] filed by Absolute Collection Service, Inc. ("defendant"). Narendra Mavilla and Padmavathi Mavilla ("plaintiffs") responded in opposition [D.E. 93], and defendant filed a reply [D.E. 94]. The matter is ripe for determination.

## BACKGROUND

On January 10, 2013, the court granted defendant's motion for summary judgment and denied plaintiffs' motion for partial summary judgment [D.E. 82], and entered judgment in favor of defendant [D.E. 83]. On February 6, 2013, plaintiffs filed a notice of appeal [D.E. 84]. On September 10, 2013, the Fourth Circuit Court of Appeals affirmed the decision of the district court [D.E. 87], and mandate issued on October 16, 2013 [D.E. 91]. On October 30, 2013, defendant filed an application to recover costs in the amount of $3,795.99 [D.E. 92]. On November 18, 2013, plaintiffs responded alleging that defendant's bill of costs was filed untimely or, in the alternative, that an award of costs to defendant is otherwise inappropriate [D.E. 93]. On November 22, 2013, defendant replied objecting to plaintiffs' assertions [D.E. 94].

## DISCUSSION

Defendant seeks costs under Rule 54(d)(1) of the Federal Rules of Civil Procedure and Local Civil Rule 54.1 as the prevailing party in this action. See Fed. R. Civ. P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party."). "[T]he rule creates the presumption that costs are to be awarded to the prevailing party." Cherry v. Champion Intern. Corp., 186 F.3d 442, 446 (4th Cir. 1999). In this action, plaintiffs do not dispute that defendant is a prevailing party. Thus, they must "show circumstances sufficient to overcome the presumption favoring an award of costs" to defendant. Ellis v. Grant Thornton LLP, 434 F. App'x 232, 235 ( 4th Cir. 2011) (per curiam) (unpublished). In this instance, plaintiffs state that defendant's bill of costs was filed untimely or, alternatively, that an award of costs to defendant is manifestly unjust [D.E. 93]. Pls.' Resp. 1-4.

Local Civil Rule 54.1 states that "[a]ll applications for costs must be made fourteen (14) days after the entry of judgment." Local Civil Rule 54.1. Moreover, "[t]he failure of a prevailing party to timely file a bill of costs shall constitute a waiver of any claim for costs." Local Civil Rule 54.1(a)(3). Here, the court entered judgment in favor of defendant on January 10, 2013 [D.E. 83]. Thus, defendant's deadline to file its bill of costs ran on January 24, 2013. Defendant did not file the motion for costs until October 30, 2013, more than nine months after entry of judgment [D.E. 92].

Defendant alleges that the bill of costs was timely because it was filed within fourteen (14) days after the mandate issued on appeal. See Def.'s Reply 2 [D.E. 94]. Defendant's assertion is not supported by the court's local rules or precedent. Indeed, the sole case cited by defendant to support the delay demonstrates otherwise. In Country Vintner of NC, LLC v. E & J Gallo Winery Inc., No.

2

5:09-CV-326-BR [D.E. 113] (E.D.N.C. Nov. 1, 2010), the prevailing party filed the initial bill of costs within fourteen (14) days of entry of the district court's judgment. Acting within his discretion following plaintiff's appeal, the clerk of court denied the bill of costs without prejudice to re-file. Id. at [D.E. 120]. "A district court has direction to defer taxation of costs pending appeal." Shipman v. United Parcel Service, Inc., No. 5:12-CV-589-F, 2013 WL 6622944, at *2 (E.D.N.C. Dec. 16, 2013) (unpublished) (citing Langham-Hill Petroleum Inc. v. Southern Fuels Co., 813 F.2d 1327, 1331 (4th Cir. 1987). The court also has the discretion to award costs to a prevailing party pending appeal. See, e.g., Parish v. Siemens Medical Solutions USA, Inc., No. 5:08-CV-622-BR [D.E. 47], 2011 WL 1098966 (E.D.N.C. Mar. 15, 2011) (unpublished); PCS Phosphate Company, Inc. v. Norfolk Southern Corp., No. 4:05-CV-55-D [D.E. 98], 2008 WL 190194 (E.D.N.C. Apr. 29, 2008) (unpublished). Defendant did not file the bill of costs within fourteen (14) days after entry of the district court judgment in this matter. Accordingly, under Local Civil Rule 54.1(a)(3), defendant waived its claim for costs incurred in the district court. Because defendant waived its district court costs through the untimely filing of the application, plaintiffs' objection that an award of costs would be "manifestly unjust" is denied as moot [D.E. 93]. See Pls.' Resp. 2-4.

In the alternative, defendant contends that its application was timely as to the taxable costs on appeal. Under Rule 39(a)(2) of the Federal Rules of Appellate Procedure, costs are taxed against the appellant if a judgment is affirmed. However, "[a] party who wants costs taxed must - within 14 days after entry of judgment - file with the *circuit clerk*, with proof of service, an itemized and verified bill of costs. Fed. R. App. P. 39(d)(1) (emphasis added). The circuit clerk prepares and certifies an itemized statement of costs for insertion in the mandate. Fed. R. App. P. 39(d)(3). Although the Fourth Circuit affirmed the judgment, defendant did not file an itemized and verified

3

bill of costs with the circuit clerk, and the mandate of the court of appeals did not include an itemized statement of costs [D.E. 91].

To the extent that defendant seeks costs under Fed. R. App. P. 39(e), its application was timely. Under Fed. R. App. P. 39(e), the district court may award "(1) the costs for the preparation and transmission of the record; (2) the reporter's transcript, if needed to determine the appeal; (3) premiums paid for a supersedeas bond or other bond to preserve rights pending appeal; and (4) the fee for filing the notice of appeal." Fed. R. App. P. 39(e)(1)-(4). A review of defendant's bill of costs fails to show sufficient information that defendant incurred any costs under Rule 39(e) and any such costs are denied without prejudice. Within 14 days of this order, defendant may supplement its request and provide appropriate documentation to correct this conclusion only as to any costs incurred under Fed. R. App. P. 39(e). Failure to timely respond will result in a waiver. All other requests for costs are waived as untimely.

## CONCLUSION

In summary, plaintiffs' objection that defendant's application was untimely filed is granted as to the district court costs and plaintiff's objection that an award of costs is manifestly unjust is denied as moot. Defendant may file a properly supported supplemental request for costs under Fed. R. App. P. 39(e) within 14 days of this order, and a failure to do so will constitute a waiver of such costs. All other costs are waived under Local Civil Rule 54.1(a)(3) and Fed. R. App. P. 39(d).

SO ORDERED. This 23rd day of September 2014.

_____
Julie A. Richards, Clerk of Court

4